**Raymond J. LOFTUS and Connie L. Loftus, Plaintiffs-Appellants,**

v.

**AMERICAN REALTY COMPANY, A Corporation, Defendant-Appellee.**

No. 2–68290.

Court of Appeals of Iowa.

April 26, 1983.

Review Denied Aug. 5, 1983.

Timothy J. Augustyn of Gross, Welch, Vinardi, Kauffman & Day, P.C., Omaha, Neb., and Lyle W. Ditmars of Peters Law Firm, P.C., Council Bluffs, for plaintiffs-appellants.

David F. McCann, Council Bluffs, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON, SNELL, and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Plaintiffs, who had an exclusive listing contract with defendant realty company to sell their home, appeal an adverse judgment on their petition seeking to recover from defendant realty company $22,500 in damages incurred when a third party hired by defendant realty company improperly lit the water heater and blew up the house. We reverse.

The facts in this case are not in dispute. Plaintiffs entered into an exclusive contract with defendant American Realty, under which American Realty was given the exclusive right to offer plaintiffs' home for sale. Plaintiffs moved out of the house, and shut off all of the appliances with the exception of the furnace.

The trial court found, and the parties do not here dispute, that under the contract the realty company was to assume the responsibility for performing any tasks necessary for the closing of the transaction, including turning on utilities. An offer was made for plaintiffs' house, which offer was accepted by plaintiffs. Prior to the closing, defendant American Realty hired defendant Fitzpatrick to light the gas water heater. In opening the gas valve to the water heater, Fitzpatrick also opened an uncapped gas line. As a result, the house exploded and burned, resulting in damages totaling $22,500.

Defendant Fitzpatrick was discharged in bankruptcy prior to trial in this matter. The trial court dismissed plaintiffs' petition against defendant American Realty, ruling that because Fitzpatrick was an independent contractor, his negligence could not be

imputed to American Realty. Plaintiffs appeal that ruling.

The trial court erred in refusing to impute Fitzpatrick's liability to American Realty. We do not dispute defendants' claim that Fitzpatrick was an independent contractor. However, the liability of defendant American Realty is not founded upon the doctrine of respondeat superior.

The general rule regarding obligations under a personal service contract is that they are not delegable. See 3 Williston on Contracts, § 411 ( ). This rule is relaxed in the case where the duties which are delegated are purely ministerial. However, even then, the performance of such delegated duties is regarded as performance by the obligor and liability remains with him. *See* 3 Am.Jur.2d § 150, p. 541 (1962). "One who contracts to perform an undertaking is liable to his promise for the negligence of an independent contractor to whom he delegates performance." *Capitol Chevrolet Co. v. Lawrence Warehouse Co.,* 227 F.2d 169, 173 (9th Cir.1955). *See Giaratano v. Weitz Company,* 147 N.W.2d 824, 832 (Iowa 1967).

In the present case, defendant American Realty assumed a number of obligations when it entered into a contract with plaintiffs to act as their agent in the sale of their home. It assumed the obligation to light the water heater as part of this contract. Although this obligation was clearly ministerial, the fact that American Realty could delegate the duty to a third party, and did so delegate it, did not excuse it from liability for the faulty performance of the subcontractor.

The judgment of the trial court is reversed with instructions to enter judgment for plaintiffs in the amount of $22,500.

REVERSED.